```
1   JASON M. FRIERSON
    United States Attorney
2   Nevada Bar No. 7709
    MEGAN RACHOW
3   Nevada Bar No. 8231
    PENELOPE J. BRADY
4   ANDREW KEENAN
    Assistant United States Attorneys
5   400 South Virginia, Suite 900
    Reno, Nevada 89501
6   Phone: (775) 784-5438
    Megan.Rachow@usdoj.gov
7   Penelope.Brady@usdoj.gov
    Andrew.Keenan@usdoj.gov
8
    Attorneys for the United States
```

FILED
ENTERED

NOV 30

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CORY SPURLOCK,<br><br>Defendant. | Case No.: 3:23-cr-00022-MMD-CLB<br><br>SUPERSEDING CRIMINAL INDICTMENT<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1958(a) – Murder-for-Hire Conspiracy (Count One, victim W.L.);<br><br>18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1) – Stalking Resulting in Death (Count Two, victim W.L.);<br><br>18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1) – Stalking Resulting in Death (Count Three, victim Y.L.);<br><br>18 U.S.C. § 1951 – Interference with Commerce by Robbery (Count Four, victim W.L.);<br><br>18 U.S.C. §§ 924(c) and 924(j)(1) – Causing Death Through Use of a Firearm to During and in Relation to a Crime of Violence (Count Five, victim W.L.); |

18 U.S.C. § 1951 – Interference with Commerce by Robbery (Count Six, victim J.S.); and

21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) – Conspiracy to Distribute Marijuana (Count Seven).

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>
Murder-for-Hire Conspiracy
(18 U.S.C. § 1958(a))

Beginning from a time unknown but no earlier than on or about October 2020 and continuing up to and including on or about March 2021, in the State and Federal District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

and others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree with one another to use and cause another to use a facility of interstate commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay a thing of pecuniary value, to wit, SPURLOCK, promised a co-conspirator not named as a defendant herein (CC-1) payment for assistance in killing W.L. and SPULOCK, CC-1 and another co-conspirator not named as a defendant herein (CC-2) conspired and agreed with SPURLOCK to kill W.L. which arrangements depended in part upon communications by cellular telephones operating on interstate networks and which resulted in the death of W.L. by being shot and stabbed in Bridgeport, California on or about November 8, 2020, all in violation of Title 18, United States Code, Section 1958(a).

## COUNT TWO
Stalking Resulting in Death
(18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1))

Beginning from a time unknown but no earlier than on or about October 2020 and continuing up to and including on or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

**CORY SPURLOCK,**

traveled in interstate commerce from the State of Montana to the State of Nevada to the State of California with intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, to wit, W.L., and in the course of, and as a result of, such travel or presence engaged in conduct that placed W.L. in reasonable fear of death and serious bodily injury and did result in the death of W.L., all in violation of Title 18, United States Code, Section 2261A(1)(A)(i) and 2261(b)(1)).

## COUNT THREE
Stalking Resulting in Death
(18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1))

Beginning from a time unknown but no earlier than on or about October 2020 and continuing up to and including on or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

**CORY SPURLOCK,**

traveled in interstate commerce from the State of Montana to the State of Nevada to the State of California with intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, to wit, Y.L., and in the course of, and as a result of, such travel or presence engaged in conduct that placed Y.L. in reasonable fear of death and serious bodily injury and did result in the death

of Y.L., all in violation of Title 18, United States Code, Section 2261A(1)(A)(i) and 2261(b)(1)).

## COUNT FOUR
Interference with Commerce by Robbery
(18 U.S.C. §1951)

On or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that defendant did unlawfully take and obtain currency from the person and in the presence of W.L., a marijuana trafficker, against the will of W.L., and by means of actual and threatened force, physical violence, and fear of injury, immediate and future, to the person of W.L., all in violation of Title 18, United States Code, Section 1951.

## COUNT FIVE
Causing Death Through Use of a Firearm During and in Relation to a Crime of Violence
(18 U.S.C. §§ 924(c) and 924(j)(1))

On or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

in the course of a violation of Title 18, United States Code, Section 1951, to wit, the crime charged in Count Four, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill,

4

1  and cause the killing of, W.L., all in violation of Title 18, United States Code, Sections
2  924(c) and 924(j)(1).

### COUNT SIX
Interference with Commerce by Robbery
(18 U.S.C. §1951)

On or about June 19, 2020, in the State and Federal District of Nevada, the defendant,

**CORY SPURLOCK,**

did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that defendant did unlawfully take and obtain currency from the person and in the presence of J.S., a marijuana trafficker, against the will of J.S., and by means of actual and threatened force, physical violence, and fear of injury, immediate and future, to the person of J.S., all in violation of Title 18, United States Code, Section 1951.

### COUNT SEVEN
Conspiracy to Distribute Marijuana
21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(vii)

In or about and between November 2019 and June 2020, both dates being approximate and inclusive, within the District of Nevada and elsewhere, the defendant,

**CORY SPURLOCK,**

and others known and unknown to the Grand Jury, knowingly combined, conspired,

/ / /
/ / /
/ / /
/ / /

confederated, and agreed with each other to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(vii).

**DATED:** this 30th day of November, 2023.

**A TRUE BILL:**

/S/
_____
FOREPERSON OF THE GRAND JURY

JASON M. FRIERSON
United States Attorney

*[signature]*

MEGAN RACHOW
Assistant United States Attorney