UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 3:23-cr-00022-MMD-CLB-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CORY SPURLOCK, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Cory Spurlock was indicted for murder-for-hire conspiracy and conspiracy to distribute marijuana. (ECF No. 1.) Before the Court is Defendant's motion to sever counts. (ECF No. 126 ("Motion").[1] The Court agrees with Defendants that two groups of offenses are improperly joined as charged in the second superseding indictment (ECF No. 127) and will grant the Motion.

**II.   RELEVANT BACKGROUND**

The original indictment charged Defendant with murder-for-hire conspiracy (count 1) and conspiracy to distribute marijuana (count 2). (ECF No. 1.) The government later obtained a superseding indictment, charging Defendant with seven counts: counts 1 through 5 involved the alleged killing, stalking and robbery of two victims; count 6 involved the robbery of a third victim and count 7 involved conspiracy to distribute marijuana. (ECF No. 84.) In response, Defendant moved to sever counts, requesting trials as to three separate groups of offenses—counts 1 through 5, count 6 and count 7—arguing that the counts are improperly joined. (ECF No. 126.)

---

[1] Defendant supplemented his motion after the issuance of a second superseding indictment (ECF No. 127). (ECF No. 129.) The government thereafter filed its opposition (ECF No. 130) and Defendant replied (ECF No. 136). Accordingly, the Court considers the arguments raised in the Motion as well as Defendant's supplement.

The government then obtained the operative second superseding indictment ("Indictment") which still contains seven counts but differs from the first superseding indictment in terms of the numbering of offenses, and also adds and removes several charges. (ECF No. 127.) In counts 1 and 2, the Indictment charges Defendant with conspiracy to distribute marijuana and the murder of J.S. while engaging in narcotics trafficking—alleging a similar time frame between November 2019 and June 2020 for both counts. (*Id.* at 2-3.) In Count 3, the Indictment charges Spurlock with murder-for-hire conspiracy relating to victim W.L.—alleging a time frame between October 2020 and March 2021. (*Id.* at 3-4.) Counts 4 through 7 involve the shorter period between October and November 2020. (*Id.* at 4-6.) In particular, Counts 4 and 5 charge Defendant with stalking resulting in the death of W.L. and Y.L. (*Id.*) Count 6 charges him with interference with commerce by robbery related to a marijuana trafficker, victim W.L. (*Id.*) Finally, Count 7 charges him with causing the death of W.L. through use of a firearm and in relation to a crime of violence. (*Id.*)

Defendant supplemented his Motion to assert that counts 1 and 2 should be severed and tried separately from counts 3 through 7.[2] (ECF No. 129.)

### III.   DISCUSSION

Fed. R. Crim. P. 8(a) provides that separate offenses may be charged in the same indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The government contends the seven counts charged in the Indictment are properly joined under the first prong because the offenses are of "the same or similar character." (ECF No. 130 at 8-11.) For support, the government and Defendant rely on the same case, *United States v. Jawara,* 474 F.3d 565, 576 (9th Cir. 2007), in which the Ninth Circuit

---

[2]Defendant asserts in his supplement that while he withdraws his original request to sever the count relating to J.S. (now count 2) from the drug trafficking offense (now count 1) in light of the second superseding indictment, he reserves the right to seek severance of these counts at a later date. (ECF No. 129 at 2.)

Court of Appeals offered "more clarity and texture for assessing the propriety of joinder" under this prong.

In *Jawara,* the Ninth Circuit cautioned that "[t]he 'same or similar character' prong of Rule 8(a) is the most amorphous and controversial of the three grounds for joinder." *Id.* at 575. The court identified a list of factors to consider in determining whether an indictment that contains joined offenses satisfies the "same or similar character" prong: "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of the evidentiary overlap, the physical location of the acts, the modus operandi of the crimes and the identity of the victims." *Id* at 578. "But the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Id.*

The government contends that the two groups of offenses are of the same or similar character because the first group—counts 1 and 2—charges Defendants with conspiracy to distribute marijuana and the murder of an individual while engaging in narcotics trafficking[3], and the second group—counts 3 through 7—charges Defendant with the robbery and murder of a marijuana trafficker "less than five months later." (ECF No. 130 at 9.) But to accept the government's broad assertion of similarity—between narcotics trafficking and the murder of one individual (without any allegation as to that individual's involvement in the drug trafficking) and the separate robbery and murder of an alleged drug trafficker—would be to "extend the rule so broadly [so as to] lead to absurd results and render the 'same or similar' test without meaningful limits." *See Jawara*, 474 F.3d at 579. Here, the government relies primarily on the general theme of marijuana trafficking and traffickers to tie the two sets of claims together. But such general subject matter similarity is no different than the thematic similarity between the two offenses relating to immigration fraud—one involving fraudulent document and the other relating to marriage fraud to evade immigration law—that the *Jawara* court found to be

---

[3]As Defendant points out, this characterization is not supported in that the Indictment does not allege that the victim in count 2, J.S., was involved in narcotics drug trafficking. (ECF No. 136 at 7.)

3

improperly joined under Rule 8(a)'s first prong. *See id.* at 570-71, 579. Indeed, one of the examples that the Ninth Circuit offered to show the infirmity of general thematic similarity for determining joinder is particularly apt to the charges here: it is inappropriate to join claims against "a pharmacist who sells over the counter, unlawful amounts of products containing pseudoephedrine and then some years later, buys cocaine from a government informant" even though "[b]oth crimes involve drugs and a druggist." *Id.* at 579. Similarly here, the primary commonality between the first group of counts (1 and 2) and the remaining counts (3 through 7) is that the first group broadly involves drugs and the second group broadly involves a drug trafficker. Because "a general thematic commonality does not make the offenses of the 'same or similar character,'" the general similarity between marijuana trafficking—and murder while engaging in narcotics trafficking—and the later murder of a marijuana trafficker under different circumstances (i.e., during a robbery as charged in count 6 and through use of a firearm and in relation to a crime of violence as charged in count 7) is sweeping and cannot support joinder.

The government's attempt to connect the offenses to the list of factors articulated in *Jawara* also falls short. First, the government argues that the offenses share some common elements and offers as examples the fact that counts 2 and 7 "involve intentional killing." (ECF No. 130 at 10.) But other than the allegations that three different victims were killed, the two groups of offenses charge killings under different circumstances: count 2 in connection with drug trafficking and count 7 in connection with use of a firearm and a crime of violence. The government's argument as to temporal proximity fares no better. In fact, the over five-month time gap between the two groups of offenses underscores Defendant's argument that the two groups of offenses are particularly distinct in time. The same goes for physical locations, which the Court cannot discern as sharing overlap based on the broad allegations in the Indictment. The Indictment offers the standard allegation supporting venue in this district—that the offenses occurred "in the State and Federal District of Nevada and elsewhere." (ECF No. 127.) The murder-for-hire conspiracy charge (count 3) included the allegation that the killing occurred in

Bridgeport, California[4], while counts 4 and 5 include allegations that Defendant traveled from Montana to Nevada to California. (*Id.* at 4.) Finally, while the government argues that the modus operandi for the killing of J.S. involved taking money intended to be received by J.S., and the killing of W.L. related to robbing him of drug proceeds (ECF No. 130 at 11), the allegations in the Indictment do not align with the government's contentions. The Indictment does not mention the motive or reason for J.S.'s killing, nor that he had any involvement in the conspiracy to distribute marijuana as charged in count 1. (ECF No. 127 at 2-3.)

Finally, in insisting that there is no risk of undue prejudice to support severance under Rule 14[5], the government points to overlapping evidence of how Defendant and two of the victims, J.S. and W.L, were involved in conspiracy to distribute marijuana. (ECF No. 130 at 12-13.) The government further argues that proof of the conspiracy in count 1 would be necessary to explain the relationship between Defendant and the victims, and that Defendant's killing of J.S. would explain Defendant's motive for killing W.L. (because W.L talked to investigator about J.S.'s disappearance and Defendant's role in that disappearance). (*Id.*) But the Court's consideration of the propriety of the joinder under Rule 8(a) is limited to the allegations in the Indictment. *See Jawara*, 474 F.3d at 572. The allegations in the Indictment do not suggest the evidentiary similarity that the government points to in its response. Moreover, even if a trial on counts 3 through 7 requires evidence as to the distribution of marijuana to support count 4 (interference with commerce by robbery of a marijuana trafficker, W.L.), any such evidence would be offered for context

---

[4]While the Indictment is general as to the geographic scope of counts 1 and 2, the government's response asserts that J.S.'s killing and the marijuana trafficking occurred in Mound House, Nevada. (ECF No. 130 at 3-4.)

[5]The government suggests that Rule 14 provides a remedy for addressing prejudice and should be considered in evaluating joinder under Rule 8(a). (ECF No. 130 at 8-9.) But as the *Jawara* court cautioned, "Rule 14 should not be viewed as a backstop or substitute for the initial analysis required under Rule 8(a)." 474 F.3d at 573. Moreover, because the Court finds that joinder is improper under Rule 8(a), the Court need not reach the issue of severance under Rule 14.

and background and would not be required at the depth and detail necessary to meet the elements of the offense of conspiracy to distribute marijuana in count 1.

The *Jawara* court reaffirmed that "the established rule in this circuit is that a valid basis for joinder should be discernable from the face of the indictment." 474 F.3d at 573. Where, as here, "the government seeks joinder of counts on the basis of 'same or similar character,' it crafts a barebones indictment as its own risk." *Id.* at 579. The allegations in the Indictment do not provide a valid basis for joinder of counts 1 and 2 with counts 3 through 7 under Rule 8(a)'s "same or similar" offenses prong. Accordingly, the Court will grant the Motion to sever these two groups of offenses.

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to sever (ECF No. 126) is granted. Counts 1 and 2 will be severed and tried separately from counts 3 through 7.

DATED THIS 14th Day of August 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE