JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
MEGAN RACHOW
Nevada Bar No. 8231
PENELOPE J. BRADY
ANDREW KEENAN
Assistant United States Attorneys
400 South Virginia, Suite 900
Reno, Nevada 89501
Phone: (775) 784-5438
Megan.Rachow@usdoj.gov
Penelope.Brady@usdoj.gov
Andrew.Keenan@usdoj.gov

*Representing the United States of America*



☑ FILED    ☐ RECEIVED
☐ ENTERED  ☐ SERVED ON
            COUNSEL/PARTIES OF RECORD

SEP 12 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CORY SPURLOCK,<br><br>Defendant. | Case No.: 3:23-cr-00022-MMD-CLB<br><br>THIRD SUPERSEDING CRIMINAL INDICTMENT<br><br><u>VIOLATIONS</u>:<br><br>21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) – Conspiracy to Possess with the Intent to Distribute and to Distribute Marijuana (Count One);<br><br>21 U.S.C. § 848(e)(1)(A) – Murder While Engaged in Narcotics Trafficking (Count Two, victim J.S.);<br><br>18 U.S.C. § 1958(a) – Murder-for-Hire Conspiracy (Count Three, victim W.L.);<br><br>18 U.S.C. § 1512(a)(1)(C) -- Tampering with a Witness by Killing (Count Four, victim W.L.);<br><br>18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1) – Stalking Resulting in Death (Count Five, victim W.L.); |

1  |  18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1) – Stalking Resulting in Death (Count Six, victim Y.L.);
2  |  
3  |  18 U.S.C. § 1951 – Interference with Commerce by Robbery (Count Seven, victim W.L.);
4  |  
5  |  18 U.S.C. §§ 924(c) and 924(j)(1) – Causing Death Through Use of a Firearm to During and in Relation to a Crime of Violence (Count Eight, victim W.L.); and
6  |  
7  |  
8  |  18 U.S.C. § 2, Aiding and Abetting (Counts Two, Five and Six).
9  |

10  THE GRAND JURY CHARGES THAT:

11  COUNT ONE
Conspiracy to Possess with the Intent to Distribute and to Distribute Marijuana
12  (21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(vii))

13  Beginning from a time unknown but no earlier than on or about November 2019,

14  and continuing up to and including on or about June 23, 2020, within the District of

15  Nevada and elsewhere, the defendant,

16  CORY SPURLOCK,

17  W.L., J.S., O.O. and others known and unknown to the Grand Jury, knowingly combined,

18  conspired, confederated, and agreed with each other to possess with the intent to distribute

19  and to distribute 1000 kilograms or more of a mixture and substance containing a

20  detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title

21  21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(vii).

22  COUNT TWO
Murder While Engaged in Narcotics Trafficking
23  (21 U.S.C. § 848(e)(1)(A))

24  Beginning from a time unknown but no earlier than on or about November 2019,

1 and continuing up to and including on or about June 19, 2020, in the State and Federal
2 District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

and others known and unknown to the Grand Jury, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, Conspiracy to Possess with the Intent to Distribute and to Distribute 1000 kilograms or more of a substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(vii), as charged in Count One, aiding and abetting one another, did knowingly and intentionally kill and counsel, command, procure and cause the intentional killing of J.S., and such killing occurred on or about June 19, 2020, all in violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.

<u>COUNT THREE</u><br>
Murder-for-Hire Conspiracy<br>
(18 U.S.C. § 1958(a))

Beginning from a time unknown but no earlier than on or about October 2020 and continuing up to and including on or about March 2021, in the State and Federal District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

B.K., and another individual known to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with one another to use and cause another to use a facility of interstate commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay a thing of pecuniary value, to wit, SPURLOCK, promised B.K. payment for assistance in killing W.L. and SPURLOCK and

B.K. conspired and agreed to kill W.L. which arrangements depended in part upon communications by cellular telephones operating on interstate networks and which resulted in the death of W.L. by being shot and stabbed in Bridgeport, California on or about November 8, 2020, all in violation of Title 18, United States Code, Section 1958(a).

## COUNT FOUR
Tampering with a Witness by Killing
(18 U.S.C. § 1512(a)(1)(C))

On or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

## CORY SPURLOCK,

did kill W.L., by shooting and stabbing W.L., with the intent to prevent the communication by W.L. to a law enforcement officer, information about the murder of J.S. during and in relation to the conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of a substance containing a detectable amount of marijuana as alleged in Count Two, in violation of Title 21, United States Code, Section 848(e)(1)(A), all in violation of Title 18, United States Code, Section 1512(a)(1)(C).

## COUNT FIVE
Stalking Resulting in Death
(18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1))

Beginning from a time unknown but no earlier than on or about October 2020 and continuing up to and including on or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

## CORY SPURLOCK,

traveled in interstate commerce from the State of Montana to the State of Nevada to the State of California with intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, to wit, W.L.,

4

1  and in the course of, and as a result of, such travel or presence engaged in conduct that

2  placed W.L. in reasonable fear of death and serious bodily injury and did result in the

3  death of W.L., all in violation of Title 18, United States Code, Sections 2261A(1)(A)(i) and

4  2261(b)(1) and Title 18, United States Code, Section 2.

COUNT SIX
Stalking Resulting in Death
(18 U.S.C. §§ 2261A(1)(A)(i) and 2261(b)(1))

Beginning from a time unknown but no earlier than on or about October 2020 and continuing up to and including on or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

traveled in interstate commerce from the State of Montana to the State of Nevada to the State of California with intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, to wit, Y.L., and in the course of, and as a result of, such travel or presence engaged in conduct that placed Y.L. in reasonable fear of death and serious bodily injury and did result in the death of Y.L., all in violation of Title 18, United States Code, Sections 2261A(1)(A)(i) and 2261(b)(1) and Title 18, United States Code, Section 2.

COUNT SEVEN
Interference with Commerce by Robbery
(18 U.S.C. §1951)

On or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

CORY SPURLOCK,

did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United

States Code, Section 1951, in that defendant did unlawfully take and obtain currency from the person and in the presence of W.L., a marijuana trafficker, against the will of W.L., and by means of actual and threatened force, physical violence, and fear of injury, immediate and future, to the person of W.L., all in violation of Title 18, United States Code, Section 1951.

## COUNT EIGHT
Causing Death Through Use of a Firearm During and in Relation to a Crime of Violence
(18 U.S.C. §§ 924(c) and 924(j)(1))

On or about November 8, 2020, in the State and Federal District of Nevada and elsewhere, the defendant,

### CORY SPURLOCK,

in the course of a violation of Title 18, United States Code, Section 1951, to wit, the crime charged in Count Seven, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill, and cause the killing of, W.L., all in violation of Title 18, United States Code, Sections 924(c) and 924(j)(1).

DATED: this 12 day of September, 2024.

**A TRUE BILL:**

/s/
_____
FOREPERSON OF THE GRAND JURY

JASON M. FRIERSON
United States Attorney

/s/ Brady
_____
MEGAN RACHOW
Assistant United States Attorney

6