UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>CORY SPURLOCK,<br><br>                    Defendant. | Case No. 3:23-cr-00022-MMD-CLB-1<br><br>ORDER |

**I.    SUMMARY**

Defendant Cory Spurlock was indicted for murder-for-hire conspiracy and conspiracy to distribute marijuana. (ECF No. 1.) The third superseding indictment expanded the scope of the case to charge eight counts involving three deaths (victims J.S., W.L. And Y.L.).[1] In a separate case, Spurlock's wife, Orit Oged, pled guilty to a criminal information charging her with two counts of stalking resulting in death (of W.L. and Y.L.) allegedly for aiding and abetting Defendant and another individual. (*See* Case No. 3:24-cr-00023-MMD-CLB (ECF Nos. 53, 55 and 59).) Before the Court is Defendant's motion to preclude direct or derivative use of statements or testimony of Orit Oged protected by the spousal privilege and marital communications privilege doctrines. (ECF No. 152 ("Motion").)[2] For the reasons discussed here, the Court denies the Motion.

---

[1]The third superseding indictment, returned on September 12, 2024, charges Defendant with eight counts: (1) conspiracy to possess with intent to distribute and to distribute marijuana; (2) murder while engaged in narcotics trafficking relating to the killing of J.S.; (3) murder for hire relating to the killing of W.L.; (4) tampering with a witness by killing of W.L.; (5) stalking resulting in death relating to W.L.; (6) stalking resulting in death relating to Y.L; (7) interference with commerce by robbery; and (8) causing death through use of a firearm during and in relation to a crime of violence. (ECF No. 160.)

[2]The government responded (ECF No. 157) and Defendant replied (ECF No. 170). The parties filed separate motions to seal exhibits. The Court agrees that compelling reasons exit to support sealing and grants the motions to seal (ECF Nos. 153, 159). The government's motion to seal seeks to file Exhibit 1 ex parte because it contains testimony

## II. DISCUSSION

Defendant argues that the government should be precluded from using information protected by the marital privilege doctrines to obtain the second superseding indictment[3] and the third superseding indictment, and from offering such evidence at trial. (ECF No. 152.) The government responds that no such information was elicited before the grand jury to obtain the second or third superseding indictment and Defendant's contention about trial testimony should be deferred and raised in connection with trial. (ECF No. 157 at 5-6.) The Court generally agrees with the government.

Defendant relies on two privilege doctrines—the marital communications doctrine and the spousal privilege doctrine—to argue for the preclusion of direct or derivative use of Oged's statements or testimony. (ECF No. 152 at 3-4.) The government does not dispute the application of these two doctrines. (ECF No. 157 at 2.)

"Federal courts recognize two distinct privileges arising out of the marital relationship." *United States v. Lustig*, 555 F.2d 737, 747 (9th Cir. 1977). The marital communications privilege protects confidential marital communications: "It bars testimony concerning intra-spousal, confidential expressions arising from the marital relationship." *Id.* This privilege "applies only to utterances or expressions intended to be communicative (i.e., to convey a message from one spouse to the other) and confidential." *United States v. Lefkowitz*, 618 F.2d 1313, 1318 (9th Cir. 1990). The spousal privilege "permits either spouse, upon objection, to exclude adverse testimony by the other." *Lustig*, 555 F.2d at 747. In other words, this privilege can be asserted to preclude one spouse from testifying against the other spouse. *See Lefkowitz*, 618 F.2d at 1317-18. As the court in *Lefkowitz* expounded, this privilege does not bar the use of a spouse's statements against another spouse at trial when the statements are offered through a third person. *See id.* at 1318.

---

before the grand jury. The Court grants the request to submit Exhibit 1 ex parte for the reason cited.

[3]The second superseding indictment was filed on July 11, 2024. (ECF No. 127.) In Oged's case, the criminal information and plea agreement were filed two days before, on July 9, 20214. (*See* Case No. 3:24-cr-00023-MMD-CLB, ECF Nos. 53, 55.)

Defendant suggests that the government presented information obtained from Oged before the grand jury to obtain the second and third superseding indictments, pointing to the timing of timing of Oged's plea agreement and the return of the second superseding indictment, as well as the factual information contained in Oged's plea agreement. (ECF No. 152 at 3, 5.) As noted, the government represented it did not elicit information protected by the two recognized marital privilege doctrines in seeking either superseding indictment. (ECF No. 157 at 5-6.) The government offered excerpts from the transcript of testimony before the grand jury to demonstrate that the witness was cautioned about the confidential marital communications privilege. (ECF No. 158, filed under seal and ex parte.) The Court's review of grand jury transcripts supports the government's representation.[4] Because the government has demonstrated that it did not offer information protected by the spousal privilege doctrines Defendant invokes here, Defendant's Motion as it relates to the second and third superseding indictments is denied.

Defendant further argues that the government should be precluded from offering information protected by the spousal privilege doctrines before the petit jury. The Court agrees with the government that this issue, to the extent it arises, should be deferred to be addressed in the context of trial. Accordingly, the Court denies Defendant's Motion to the extent it seeks to bar Oged's statements or testimony at trial without prejudice.

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

---

[4] The Court directed the government to submit for in camera review the grand jury transcripts relating to the second superseding indictment and the third superseding indictment. (ECF No. 175.)

It is therefore ordered that Defendant's motion to preclude direct or derivative use of statements or testimony of Orit Oged (ECF No. 152) is denied.

It is further ordered that Defendant's motion to seal (ECF No. 153) is granted.

It is further ordered that the government's motion to file Exhibit 1 to its response under seal and ex parte (ECF No. 159) is granted.

DATED THIS 17th Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE