UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CORY SPURLOCK,<br><br>　　　　　　　　Defendant. | Case No. 3:23-cr-00022-MMD-CLB-1<br><br>ORDER |

**I.　SUMMARY**

Defendant Cory Spurlock was indicted for murder-for-hire conspiracy and conspiracy to distribute marijuana. (ECF No. 1.) The third superseding indictment expanded the scope of the case to charge eight counts involving three deaths (victims J.S., W.L. And Y.L.).[1] The case is scheduled for trial starting on April 22, 2025. This order addresses Defendant's motion for pretrial hearing ("Motion"). (ECF Nos. 264 (unsealed), 247 (sealed)).[2]

**II.　DISCUSSION**

Defendant asks the Court for three categories of relief relating to the anticipated testimony of two co-defendants who have pled guilty. Defendant requests that the Court (1) conduct a pre-trial hearing to determine if the government has learned any confidential

---

[1] The third superseding indictment, returned on September 12, 2024, charges Defendant with eight counts: (1) conspiracy to possess with intent to distribute and to distribute marijuana; (2) murder while engaged in narcotics trafficking relating to the killing of J.S.; (3) murder for hire relating to the killing of W.L.; (4) tampering with a witness by killing of W.L.; (5) stalking resulting in death relating to W.L.; (6) stalking resulting in death relating to Y.L; (7) interference with commerce by robbery; and (8) causing death through use of a firearm during and in relation to a crime of violence. (ECF No. 160.) The fourth superseding indictment, filed on April 3, 2025, contains the same counts except for modifications to count 4. (ECF No. 342.)

[2] The government responded (ECF No. 296 (sealed)) and Defendant replied (ECF No. 334). The Court endeavors to provide more general references to avoid sealing this order.

information from O.O. or her attorneys in violation of a joint defense agreement between Defendant and O.O., entered into before they were federally indicted; (2) conduct a pre-trial hearing to determine whether B.K. and O.O.'s testimony is admissible under Fed. R. Evid. 403(b); and (3) order prompt disclosure of any relevant *Brady*/*Giglio* evidence. (ECF No. 247 at 2.) The Court addresses each request in turn.

### A. Disclosure of Confidential Information

Defendant asks that the Court conduct a pre-trial hearing to ensure O.O. and her attorneys have not provided information in violation of the joint defense agreement.[3] Defendant offers the following relevant information about the circumstances which led to the signing and subsequent termination of the joint defense agreement. Defendant contends that after he and O.O. were in custody on charges brought by the State of California[4], he provided funds for O.O. to retain private counsel to formally represent her, with the understanding that the attorney would "functionally represent both their interests pursuant to a joint defense agreement."[5] (*Id.* at 3.) Their attorneys signed the joint defense agreement on October 26, 2022. (*Id.* at 4; ECF No. 247-9.) In December 2022, O.O. began to cooperate with the federal government. (ECF No. 247 at 5.) On December 29,

---

[3] Defendant also suggests that the Court inquire about any conflicts stemming from Defendant having paid for O.O.'s counsel in the state case. (ECF No. 247 at 6.) The Court declines to make such an inquiry because resolution of this issue is immaterial to the charges against Defendant in this case. The cases Defendant relies on involve concerns about potential influence by the party who paid for the defense [here, Spurlock] resulting in prejudice to a defendant in a criminal case [i.e., O.O.] because of potential loyalty to the party who paid the fees. (*Id.* at 8.) *See, e.g., United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005) (affirming denial of a claim of ineffective assistance of counsel under 28 U.S.C. § 2255 based on assertion that petitioner's counsel had an actual conflict of interest because of a fee arrangement where a co-defendant in the underlying case paid petitioner's counsel's fee). So to the extent there is a concern about any conflict due to Defendant's payment of fees to O.O.'s counsel, the party who may be prejudiced and has standing to object because of divided loyalty is O.O., not Defendant.

[4] The complaint in the California case charged Defendant, O.O. and B.K. with three counts relating to the murders of the Larsens. (ECF No. 247 at 3.)

[5] O.O.'s attorneys in the state case denied that Defendant paid their fees. They stated in their respective declarations that they were not aware of Defendant raising funds to pay them and do not believe this occurred. (ECF Nos. 296-1 at 4; 296-2 at 3-4.) They also deny that there was any agreement or understanding that they would "functionally represent" both O.O. and Defendant. (*Id.*)

2

2022, O.O.'s counsel communicated with Defendant's counsel that they were withdrawing from the joint defense agreement. (*Id.*)

O.O.'s attorneys in the state case acknowledged that a joint defense agreement was signed and the parties requested permission to use a courtroom within the Mono County Superior Court to have a joint meeting (on November 7, 2022) involving Defendant, O.O. and their respective attorneys; the request was denied, and the intended meeting did not occur. (ECF Nos. 296-2 at 5; 296-1 at 3-4.) O.O.'s attorneys asserted that no confidential information or documents were exchanged or obtained under the joint defense agreement. (*Id.*)

"The Ninth Circuit has long recognized that the joint defense privilege is an extension of the attorney-client privilege." *United States v. Gonzalez*, 669 F.3d 974, 981 (9th Cir. 2012) (internal quotation marks omitted). The privilege "protects not only the confidentiality of communications passing from a party to his or her attorney but also from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005) (quoting *United States v. Schwimmer*, 892 F.2d 237, 243 (2nd Cir. 1989)) (internal quotation marks omitted). Moreover, the party asserting the privilege carries the burden of establishing its application. *See Schwimmer*, 892 F.2d at 244.

The Court agrees with the government that Defendant fails to sufficiently establish that any confidential information or communications were disclosed under the joint defense agreement to warrant a pre-trial hearing or other related relief. (ECF No. 296 at 4-5.) The two attorneys for O.O. in the state case acknowledged that they discussed and executed a joint defense agreement, but they asserted that the anticipated meeting to discuss joint defense did not occur. (ECF Nos. 296-1 at 3; 296-2 at 4-5.) They also state that they did not otherwise exchange or obtain any confidential information from Defendant's counsel under a joint defense agreement. (ECF Nos. 296-1 at 4; 296-2 at 5.) Indeed, Defendant offers no evidence to even suggest that information was disclosed

under the joint defense agreement, which explains why he asks the Court to conduct a pre-trial hearing. In his reply, Defendant points to Ibrahim's declaration describing three meetings (on May 14, July 23, and August 18, 2021 (ECF No. 296-2 at 3)) that he and his associate attended with Defendant and his counsel, to argue that conflicting representations exist between attorneys involved in the state case and that confidential information must have been shared. (ECF No. 334 at 3-4.) But Ibrahim clearly articulated that they did not discuss a joint defense agreement during any of those meetings. (ECF No. 296-2 at 3.) Moreover, he clearly states in his declaration that (1) "no confidential documents or confidential information were ever changed [between counsel] pursuant to or subject to that joint defense agreement"; (2) "no confidential information from Cory Spurlock or his attorneys was given to [O.O.] pursuant to or subject the joint defense agreement"; and (3) neither he nor O.O. ever revealed any communications with Defendant or information learned from Defendant to the U.S. Attorney's Office. (*Id.* at 5-6.)

In sum, based on the records before the Court—particularly considering O.O.'s counsels' declarations and Defendant's failure to point to any specific evidence to show disclosure of confidential information under a joint defense agreement—the Court finds no basis to conduct a pre-trial hearing.

**B.    Fed. R. Evid. 403(b) Concerns**

Defendant asks the Court to "consider holding a pre-trial hearing to determine whether testimony from [O.O.] and [B.K.] is admissible under Rule 403," suggesting their testimony is "inherently unreliable." (ECF No. 247 at 10.) The Court declines to require these witnesses to provide a pretrial preview of their testimony, particularly when Defendant does not offer specific testimony or evidence going to Rule 403 concerns. To the extent Defendant has specific objections, he can raise them during the course of trial. And as the government aptly points out, Defendant can address any credibility concerns with these particular witnesses during their cross examination in front of the jury. (ECF No. 296 at 8.)

### C. Disclosure of *Brady/Giglio* Materials

Defendant asks that the Court require the government to "promptly" disclose any *Brady/Giglio* materials relating to B.K. and O.O., to allow for "a full and fair opportunity to investigate and prepare for cross-examination." (ECF No. 247 at 14-15.) The government responds that it disclosed these witnesses' statements and will disclose additional materials upon entry of a protective order. (ECF No. 296.) Because there is no dispute that the government is aware of its obligation to promptly disclose *Brady* materials before trial, the Court denies Defendant's request as moot.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion for pretrial hearing (ECF Nos. 264 (unsealed), 247 (sealed)) is denied.

DATED THIS 7th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE