SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
MEGAN RACHOW
Nevada Bar No. 8231
PENELOPE J. BRADY
ANDREW KEENAN
Assistant United States Attorneys
400 South Virginia Street, Suite 900
Reno, Nevada 89501
Telephone: (775) 784-5438
Megan.Rachow@usdoj.gov
Penelope.Brady@usdoj.gov
Andrew.Keenan@usdoj.gov

*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:23-cr-00022-MMD-CLB |
| Plaintiff, | |
| vs. | **Government's Motion to Reconsider Order Granting Defendant's Motion for Release [ECF No. 444]** |
| CORY SPURLOCK, | |
| Defendant. | (Expedited Briefing Requested) |

Certification: This motion is timely.

### INTRODUCTION

On June 6, 2025, this Court issued an order granting Spurlock's motion for release for Due Process violations. ECF No. 444. At the time of the Court's order, the government had filed a notice to appeal the Court's decision to strike the government's Notice of Intent to Seek the Death Penalty. The government has now moved to dismiss its appeal, and therefore respectfully requests the Court revisit its prior order because this new development has

1

substantial bearing on the Court's decision to release Spurlock. The Court should deny Spurlock's motion for release.

**POINTS AND AUTHORITIES**

**A.    Analytical Framework**

"A district court has inherent authority to reconsider its rulings as long as it retains jurisdiction over a matter." *United States v. Avila*, 263 F. App'x. 585 (9th Cir. 2008) (unpublished) (citing *United States v. Smith*, 389 F.3d 944, 949-51 (9th Cir. 2004)) (finding the law of the case doctrine inapplicable to a district court's decision "to reconsider an order over which it has not been divested of jurisdiction").

A motion for reconsideration must set forth "(1) some valid reason why the court should revisit its prior order; and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "Reconsideration may be appropriate if the district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**B.    The Court Should Reconsider Its Order to Release Spurlock.**

The government's motion to dismiss its appeal constitutes new evidence which bears materially on the Court's consideration of the *Torres* factors. On May 12, 2025, the Court stated, "Because my concern is if you decide not to appeal, I need to identify a trial date and have the case proceed to trial immediately -- at least within three weeks from the time I identify -- from the time that you indicate the Notice of Appeal is withdrawn, so that the Court has time

to issue jury summons." Transcript of Status Conference on May 12, 2025, ECF No 446 at 16:12-17. The government has discussed scheduling with numerous witnesses in light of the Court's above direction as to the future trial date, and the government is prepared to proceed to trial as soon as the second week of July, approximately 26 months since Spurlock was first detained in this case and approximately 10 months since the filing of the substantively final charging document. As such, contrary to the Court's order, the government does not and will not bear sole responsibility for a delay of "many more months before any trial can begin." ECF No. 444 at 5.[1]

Even Spurlock has agreed the government could withdraw its appeal to avoid bearing responsibility for delay. *See* ECF No. 440 at 3 ("But the government must choose: either withdraw the appeal or be held responsible for the delay caused by the appeal."); *id.* at 5 ("The government may either withdraw the appeal to avoid further delays, or it can continue with its appeal and bear responsibility for the delays.").

In short, the balance of *Torres* factors, particularly in light of a potential mid-July trial date, does not weigh in favor of Spurlock's release. Trial can commence 26 months since Spurlock's original detention and 10 months since the government filed its substantively final charging document. The length of any delay remains comparatively insignificant to the total length of pretrial detention and the length of Spurlock's detention stems primarily from the nature of the charges in this case. Lastly, Spurlock remains a significant risk of nonappearance and danger.

/ / /

/ / /

---

[1] Again, as indicated by this Court, three weeks are required for jury summonses to be issued in this case upon withdrawal of the notice of appeal.

3

**CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court reconsider its June 6, 2025 order granting Spurlock's motion for release. The motion should be denied. The government is prepared to go to trial in the second week of July. The *Torres* factors weigh in favor of denying Spurlock's motion for release. The government further respectfully requests expedited briefing in light of the fourteen-day stay granted by this Court and a June 13, 2025 deadline for certain filings in the Ninth Circuit.

DATED this 10th day of June, 2025.

Respectfully submitted,

SIGAL CHATTAH
United States Attorney

*/s/ Andrew Keenan*
MEGAN RACHOW
PENELOPE J. BRADY
ANDREW KEENAN
Assistant United States Attorneys