SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar No. 8264
MEGAN RACHOW
Nevada Bar No. 8231
PENELOPE J. BRADY
Assistant United States Attorneys
400 South Virginia, Suite 900
Reno, Nevada 89501
Phone: (775) 784-5438
Megan.Rachow@usdoj.gov
Penelope.Brady@usdoj.gov

*Representing the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 3:23-cr-00022-MMD-CLB |
| Plaintiff, | |
| v. | **Response to Defendant's Motion for Return of Property Pursuant to Rule 41(g) [ECF No. 535]** |
| CORY SPURLOCK, | |
| Defendant. | |

Certification: This response is timely filed.[1]

## **Introduction**

The defendant moves for the return of property pursuant to Federal Rule of Criminal Procedure 41(g).  Because the government may need to use or reexamine the property listed during the course of the defendant's upcoming trial, the government requests that any hearing on the return of the defendant's property be held at the conclusion of trial.[2]  Moreover, while the defense

---

[1] This response is filed one day late with no objection from the defense.

[2] At the conclusion of trial, the government anticipates that it would agree to release certain items of the defendant's property that did not become relevant during trial, perhaps obviating the need for a hearing.

clearly lists three separate items—the NoBo camper, the F150 truck and the F250 truck—the government requests that the defendant identify with more specificity the items described as "various" such as the documents, firearms, tactical gear, valuables and electronics.[3]  ECF No. 535 at 2.[4]

### Argument

The defendant is charged with various crimes related to a marijuana conspiracy, robbery, and three homicides.  ECF No. 363.  The defendant's trial will begin next week with jury selection. ECF No. 459.  The presentation of evidence will begin August 18, 2025.  *Id.*  While the government has notice of experts that may testify for the defense, the government does not yet know who the defense witnesses will be or if the defendant will testify.  Any of that testimony could make particular property relevant for a rebuttal case.  Even in the government's direct case, a witness may testify in such a way that the government may need access to certain property of the defendant to reexamine it or introduce it at trial.

If a defendant makes a challenge under Rule 41(g), a person "aggrieved" by the deprivation of property may move for its return.  There is a presumption that the property should be returned if the government no longer needs it as evidence.  *United States v. Kriesel*, 720 F.3d 1137 (9th Cir. 2013).  The government can rebut that presumption, however, by demonstrating its need for the property that is reasonable under all the circumstances.  *Ramsden v. United States,* 2 F.3d 322, 326 (9th Cir. 1993).

The government will return any property it no longer needs as evidence, but at this stage in

---

[3] If an evidence review is necessary to accomplish this, the government requests that the defense arrange a mutually convenient time to review those items in the custody of the government.

[4] The government does not object to allowing the defense to supplement their motion to identify these items with more particularity.

the case, the property at issue here may need to be used or reexamined during the defendant's upcoming trial.  The defendant used both trucks in relation to the marijuana trafficking conspiracy.  The F250, for example, was purchased in the name of the defendant but was partially paid for and sometimes used by W.L., one of the victims, during the charged conspiracy.  The defendant and his wife also drove the F250, towing the NoBo trailer, to Dayton, Nevada, where they stayed at an RV park during the stalking of W.L. and Y.L. and after the murders of W.L. and Y.L.[5]  The F150 was used in connection with the murder of J.S. and seen by J.S.'s mother at her home prior to her son's murder.  Although there is no forfeiture allegation, it is also the government's position that the NoBo camper was purchased, at least partially, with drug money the defendant stole from a cash shipment that was supposed to be picked up by J.S.  Photographs are simply no substitute for access to the evidence if required.  As to the documents, the defendant has asserted, through expert notices, that his mental status and military experience will be at issue in this trial.  Those documents may be necessary to challenge such experts.

In *Kriesel*, the defendant had blood taken for purposes of obtaining a DNA sample that was required *post-conviction*.  Even in that instance, the Court found that the government had a legitimate reason for retaining the blood sample even though the defendant's DNA had already been extracted.  Additionally, there was no upcoming trial in that case—the defendant had pled guilty.  Given the circumstances here, a quickly approaching trial and the relevance of the defendant's property to the case, the government's retention of the defendant's property through trial is reasonable under the circumstances.

The defendant claims that some of the property, such as the vehicles, are depreciating in value.  Given the fact that the trial is anticipated to be concluded within the next two months, and the mileage on the vehicles is not increasing as they are not being used, the depreciation will be

---

[5] The defendant's wife rented a car for the actual stalking of W.L. and Y.L. from the Reno, Nevada area until W.L. and Y.L. were killed near Bridgeport, California.

limited.

The defendant argues that evidence that the Mono County Sheriff was ordered to return property and did not do so. ECF No. 535 Exhibit A. That order, however, was issued on a separately charged defendant's case for her property, none of which is at issue in this motion. That order, and the property listed in it, has nothing to do with this defendant.

### Conclusion

Based on the foregoing, Spurlock's motion for the return of his property should be denied at this time and deferred until the conclusion of trial. Additionally, the defendant should provide a more detailed description of the property described as "various" at issue.


DATED: July 31, 2025

                                        Respectfully Submitted,

                                        SIGAL CHATTAH
                                        Acting United States Attorney


                                        By: */s/ Penelope J. Brady*
                                        PENELOPE J. BRADY
                                        Assistant United States Attorney