UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:23-CR-00022-MMD-CLB |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDERS |
| v. | [ECF No. 534] |
| CORY SPURLOCK, | |
| Defendant. | |

Pending before the Court is Defendant Cory Spurlock's ("Spurlock") motion to modify protective orders. (ECF No. 534.) On July 31, 2025, the Government filed their response to Spurlock's motion. (ECF No. 563.) On August 7, 2025, Spurlock filed his reply. (ECF No. 594.) Spurlock seeks to dissolve the protective orders previously entered at ECF Nos. 81, 82, 106, and 314. (ECF No. 534 at 2.) For the reasons stated below, Spurlock's motion, (ECF No. 534), is denied.

The protective orders at ECF Nos. 81 and 82, entered on October 27, 2023 pursuant to a joint stipulation between the parties, restrict Spurlock from possessing discovery materials that include personal identifying information ("PII") and only permit him to review the materials with the presence of defense counsel. (ECF No. 81 at 9-10.) Spurlock acknowledges that at least some of the material has been accessible following redactions and all other material can still be viewed while in the presence of defense counsel. (ECF No. 534 at 2.) Spurlock argues that much of the materials cannot be meaningfully redacted, such as video discovery, or otherwise due to the voluminous nature of paper discovery. (*Id.*)

The protective order at ECF No. 106 was entered on March 15, 2024 and protective order at ECF No. 314 was entered on March 28, 2025. Each of these protective orders were also entered pursuant to joint stipulations of the parties. These protective orders limit Spurlock's access to materials relating to cooperating witnesses by "prohibit[ing] Mr. Spurlock from retaining relevant court filings from the cooperating

witnesses' cases as well as their proffer statements." (*Id.* at 3.) Spurlock asserts that he is aware of all the cooperators and redacting the information within such documents regarding redactions of the documents will "address any concerns for safety." (*Id.*) Nonetheless, the orders permit Spurlock to view the information within the presence of defense counsel. (*See* ECF Nos. 106, 314.)

"Spurlock seeks to have unrestricted access to the protected information encompassed in each order to enable him to meaningfully assist in his own defense, ensure his Fifth Amendment right to a fair trial, Sixth Amendment right to effective assistance, and access to his attorneys and the court process." (ECF No. 534 at 2, 3.) Spurlock asserts that limiting access to such material "has the sole consequence of preventing Mr. Spurlock to meaningfully assist in his own defense." (*Id.*)

With regarded to the protective orders at ECF Nos. 81 and 82, the Government "has no objection to modifying the protective orders covering . . . PII . . . to allow the defendant to retain the materials or review them outside of the presence of counsel" as long as the PII information within is redacted and at the conclusion of trial, the material is returned to defense counsel. (ECF No. 563 at 2.) Regarding the protective orders at ECF Nos. 106 and 314, the Government argues that "[g]iven the voluminous discovery in this case and the threat to the cooperating witnesses' safety, the restrictions on the materials related to the cooperating witnesses, a small portion of that discovery, are not overly burdensome for the defense in their preparation for trial." (*Id.* at 3.)

Other than the bare assertion by Spurlock that he has not been able to meaningfully assist in his defense, Spurlock has not shown what aspects of his defense he has not been able to prepare for due to the restrictions placed by the protective orders, nor has he provided any other reason for the Court to be concerned with his readiness for trial. This is underscored by the fact at the time of Spurlock's reply was filed, and before this Court could even rule on the motion at issue (which was not filed on an emergency basis), trial began with the voir dire of the prospective jury panel and no assertion has been made that Spurlock is not prepared for trial. (*See* ECF Nos. 588, 591.)

Moreover, Spurlock's motion and reply do not cite any caselaw or any legal authority to support his claims that the limitations placed on Spurlock's possession of certain information raises any constitutional concerns in that these types of protective orders would impact a criminal defendant's ability to adequately prepare for trial. It is clear from the motion and reply that Spurlock has access to these materials, albeit in the presence of counsel, and therefore these materials are not inaccessible to him or his defense counsel. Thus, the Court finds that Defendant has not provided a basis to modify the protective orders, which the parties stipulated to, at this time.

Accordingly, the Court **DENIES** Spurlock's motion, (ECF No. 534).

**IT IS SO ORDERED.**

**DATED**: August 8, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**