UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>CORY SPURLOCK,<br>　　　　　　　　　　Defendant. | Case No. 3:23-cr-00022-MMD-CLB-1<br><br>**ORDER** |

**I.    SUMMARY**

The Court previously denied Defendant Cory Spurlock's motion to preclude direct or derivative use of statements or testimony protected by the spousal privilege and marital communications privilege doctrines. (ECF No. 177 ("October 2024 Order").) As to trial testimony that falls within the spousal privilege doctrines, the Court denied Defendant's motion without prejudice to Defendant raising his objection at trial. (*Id.* at 3.) Before the Court is Defendant's renewed motion to preclude direct or derivative use of statements or testimony protected by the spousal privilege and marital communications privileged doctrines. (ECF No. 546 ("Renewed Motion")[1].)  For the reasons discussed herein, the Court denies the Renewed Motion.[2]

**II.    DISCUSSION**

Defendant argues that the Court cannot defer until trial because his spouse, O.O., should be precluded from taking the witness stand to testify under the spousal privilege doctrine. Citing *Trammel v. United States*, 445 U.S. 40, 53 (1980), Defendant insists this case "presents a unique circumstance supporting the preclusion of [O.O.'s] testimony

---

[1]The government responded (ECF No. 592). Defendant did not file a reply and the time to do so has expired.

[2]The Court incorporates its analysis in the October 2024 Order.

against Mr. Spurlock even if she seeks to waive the privilege." (ECF No. 546 at 6.) In *Trammel*, the Court articulated a clear rule governing the privilege against adverse spousal testimony:

> Our consideration of the foundations for the privilege and its history satisfy us that "reason and experience" no longer justify so sweeping a rule as that found acceptable by the Court in *Hawkins*[3]. Accordingly, we conclude that the existing rule should be modified so that the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying. This modification—vesting the privilege in the witness-spouse—furthers the important public interest in marital harmony without unduly burdening legitimate law enforcement needs.

*Id.* at 53. Defendant argues that because the Supreme Court found that advancing "marital harmony" supports modifying the rule to allow the testifying spouse to make the decision whether to testify, the Court should not apply this rule here because "the defense has no reason to believe Mr. Spurlock's relationship with [O.O.] is in disrepair." (ECF No. 546 at 7.) However, as the government aptly pointed out (ECF No. 592 at 7-8), the Court in *Trammel* articulated a clear rule that vests the testifying spouse with the decision whether to testify, and that spouse's decision is not contingent on a finding of an absence in a harmonious martial relationship.[4]  In fact, as the Court in *Trammel* observed, "when one spouse is willing to testify against the other in a criminal proceeding—whatever the motivation—their relationship is almost certainly in disrepair; there is probably little in the way of marital harmony for the privilege to preserve." *Trammel,* 445 U.S. at 52.

In sum, the Court agrees with the government that *Trammel* does not support Defendant's argument that the Court must find discord in the martial relationship before allowing O.O. to exercise her privilege to testify. Whether to testify against Defendant is

---

[3]*Hawkins v. United States,* 358 U.S. 74 (1958).

[4]In *Trammel,* the Court observed: "[t]he ancient foundations for so sweeping a privilege [as articulated in Hawkins] have long since disappeared. Nowhere in the common-law world—indeed in any modern society—is a woman regarded as chattel or demeaned by denial of a separate legal identity and the dignity associated with recognition as a whole human being." 445 U.S. at 52.

1  a decision for O.O. to make. The circumstances here do not support Defendant's
2  argument that O.O. cannot waive the spousal privilege to testify.
3      Defendant reiterates his arguments that the Court must vet O.O.'s testimony in
4  advance of trial to determine whether it is protected under the marital communications
5  doctrine. The marital communications privilege protects confidential marital
6  communications: "It bars testimony concerning intra-spousal, confidential expressions
7  arising from the marital relationship." *United States v. Lustig*, 555 F.2d 737, 747 (9th Cir.
8  1977). This privilege "applies only to utterances or expressions intended to be
9  communicative (i.e., to convey a message from one spouse to the other) and
10 confidential." *United States v. Lefkowitz*, 618 F.2d 1313, 1318 (9th Cir. 1980). This
11 privilege ensures "that spouses generally feel free to communicate their deepest feelings
12 to each other without fear of eventual exposure in a court of law." *United States v.
13 Roberson*, 859 F.2d 1376, 1380 (9th Cir. 1988). However, the privilege "does not apply
14 to communications having to do with present or future crimes in which both spouses
15 are participants." *United States v. Marashi,* 913 F.2d 724, 730 (9th Cir. 1990). In
16 *Marashi,* the court joined "sister circuits in holding that the marital communications
17 privilege does not apply to statements made in furtherance of joint criminal activity." *Id.* at
18 731. Moreover, courts should "narrowly construe the marital communications privilege
19 because it obstructs the truth-seeking process." *Id.* at 730.
20     The Court again agrees with the government that prior vetting of O.O.'s
21 testimony is not warranted. O.O. is represented by counsel who will presumably
22 advise her as to communications that may be protected by the martial
23 communications privilege. Moreover, the government will need to establish proper
24 foundations as to communications that are not protected (i.e., communications made
25 "in furtherance of a joint criminal activity")[5] or made in the presence of third parties.
26
27 [5] ████████████████████████████████████████████
28 ████████████████████████████████████████████████

3

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's renewed motion to preclude direct or derivative use of spousal statements or testimony (ECF No. 546) is denied.

DATED THIS 15th Day of August 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE