WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Cory Spurlock,<br><br>　　　　Defendant. | No. 3:23-cr-00022-MMD-CLB<br><br>**ORDER** |

During the months of August and September, 2025, Defendant Cory Spurlock was tried on several serious charges. These include conspiracy to distribute marijuana (count one), murder while engaged in narcotics trafficking – victim J.S. (count two), murder-for-hire conspiracy – victim W.L. (count three), tampering with a witness by killing – victim W.L. (count four), stalking resulting in death – victim W.L. (count five), stalking resulting in death – victim Y.L. (count six), interference with commerce by robbery – victim W.L. (count seven), and causing death through use of a firearm during a crime of violence – victim W.L. (count eight). ECF Nos. 363, 470. On September 12, 2025, a jury found Defendant guilty on all charges except count two, on which the jury deadlocked. ECF No. 714.

Defendant has now filed a motion for new trial based on two grounds: (1) the undersigned judge's ruling that Acting U.S. Attorney Sigal Chattah is not validly serving, *see United States v. Garcia*, No. 2:25-cr-00227-DGC-BNW, 2025 WL 2784640 (D. Nev.

1

Sept. 30, 2025), and (2) an alleged act of juror intimidation. ECF. No. 718. The judge presiding over Defendant's case has referred the first ground of the motion to the undersigned judge. ECF No. 729. For reasons set forth below, the undersigned will deny Defendant's motion based on the first ground.[1]

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Proc. 33(a). "A court may grant a new trial under Rule 33 if 'the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Solomon*, No. 3:22-CR-00022-ART-CSD, 2025 WL 1169132, at *7 (D. Nev. Apr. 21, 2025) (quoting *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992)). "A motion for a new trial is at the discretion of a district judge and should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'" *Id.* (quoting *United States v. Pimental*, 654 F.2d 538, 545 (9th Cir. 1981)); *see United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984); *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012).

"The heavy burden of proving a new trial is warranted rests with the defendant." *United States v. Alvear*, No. 2:20-cr-00229-CDS-MDC, 2024 WL 94014, at *7 (D. Nev. Mar. 1, 2024); *see United States v. Klein*, No. 3:22-CR-84-SI, 2023 WL 6481846, at *2 (D. Or. Oct. 5, 2023) ("Defendants also bear a 'heavy burden' in meeting the requirements to establish that a new trial is warranted.") (citing *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006)); *United States v. Halali*, No. 14-cr-00627-SI-1, 2017 WL 3232566, at *2 (N.D. Cal. July 28, 2017) ("The defendant bears the burden of proving that he is entitled to a new trial under Rule 33, and before ordering a new trial pursuant to Rule 33, a district

---

[1] Given the deference and respect that ought to exist between the branches of government, the Court has stayed its disqualification order in *Garcia* pending the Ninth Circuit's review. *See United States v. Garcia*, No. 2:25-CR-00227-JAD-BNW, 2025 WL 2985284 (D. Nev. Oct. 23, 2025). Because this motion concerns the appropriate remedy even if the disqualification order is correct, and because sentencing in this matter has been set for December, the Court concludes that it should rule on the motion now.

2

1    court must find that there is a real concern that an innocent person may have been
2    convicted.") (quoting *United States v. McCourty*, 562 F.3d 458, 475 (2d. Cir. 2009)).
3    Defendant Spurlock has not carried this heavy burden.

4    Although the undersigned judge remains fully persuaded that Ms. Chattah has not been validly appointed as Acting U.S. Attorney under the Federal Vacancy Reform Act and cannot act in that capacity under authority granted through general delegation statutes, *see Garcia*, 2025 WL 2784640 at *4-14, Defendant has not shown that the invalidity of her appointment or service had any effect on his criminal trial. Defendant does not suggest that Ms. Chattah was present or participated in his trial in any manner, and the Assistant U.S. Attorneys responsible for this case assert that they are doing so "under authority granted to them directly by the Attorney General." ECF No. 725 at 6.

12   Nor has Defendant identified any prejudice he suffered as a result of Ms. Chattah's leadership of the U.S. Attorney's Office, let alone prejudice that would amount to a miscarriage of justice. Even if Ms. Chattah's invalid appointment could be characterized as a detriment in Defendant's case, Defendant was insulated from that detriment by a District Judge who presided daily at trial, supervised the presentation of evidence and arguments by the lawyers, admitted only evidence that was relevant and admissible under the Federal Rules of Evidence, instructed the jury on the law that governs the case, and oversaw the process of jury deliberation. Other than a single instance of alleged juror intimidation that Defendant raises in this motion – which was addressed during trial and will be ruled on by the presiding judge – Defendant does not suggest that any of these trial procedures were improper or unfair. Nor does he suggest that the Assistant U.S. Attorneys who tried this case acted improperly or in a way that was unfairly prejudicial. Further, Defendant's guilt was decided by jurors selected through a careful process to ensure their fairness in evaluating the evidence and reaching a verdict. Defendant has not shown that Ms. Chattah's invalid appointment affected any of these procedures or produced a miscarriage of justice in this case. The Court cannot conclude that a new trial is required under Rule 33(a).

Nor is the Court persuaded by Defendant's other arguments – that a new trial should be granted in light of *United States v. Trump*, 740 F. Supp. 3d 1245 (S.D. Fla. 2024), or *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020). ECF No. 718 at 5-7. The court in *Trump* found that the invalidly-serving special prosecutor was the only representative of the government who had signed the indictment. 740 F. Supp. 3d at 1254. The Ninth Circuit found in *Bundy* that the government engaged in flagrant misconduct causing substantial prejudice to the defendant. 968 F.3d at 1030-42. Defendant provides no evidence of Ms. Chattah's direct involvement in this trial or of comparable misconduct and prejudice.

Defendant asks the Court to order that Ms. Chattah have no further involvement in his case and that the attorneys handling the case certify that they are not being supervised by her. This is the remedy the Court has stayed pending the Ninth Circuit's ruling on appeal. *Garcia*, 2025 WL 2985284, at *1-2. As in other recent cases, the Court will deny Defendant's requests without prejudice. *See, e.g.*, ECF No. 125, *United States v. Ward*, No.2:08-cr-00224-KJD-RJJ (D. Nev. Oct. 23, 2025).

**IT IS ORDERED** that Defendant's motion for a new trial is **denied in part** with respect to the first argument in his motion – that Ms. Chattah is not validly serving as the Acting U.S. Attorney (ECF No. 718 at 2-7).

Dated this 7th day of November, 2025.

David G. Campbell
Senior United States District Judge